UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED

2010 APR -5 P 4: 23

U.S. DISTRICT C___
N.D. OF ALABAMA

| | |
|---|---|
| JESSICA H. FEENEY, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | |
| v.  ) ) | CIVIL ACTION NO. JURY DEMAND |
| WALGREEN HEALTH INITIATIVES, INC. ) and KELLY SERVICES, INC., ) ) | |
| Defendants.  ) | CV-10-S-0844-NW |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Jessica H. Feeney, files this lawsuit against Defendants Walgreen Health Initiatives, Inc. and Kelly Services, Inc. for herself and all others similarly situated pursuant to § 216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

### I. NATURE OF THIS ACTION:

1. This action is brought on behalf of Jessica H. Feeney and all others similarly situated to redress the Defendants' violations of plaintiff's rights pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, specifically to the collective action provision of the Act found at § 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendants which have deprived Plaintiff and others similarly situated to plaintiff of their lawful wages.

2. This action seeks equitable and declaratory relief, as well as nominal, compensatory, liquidated and punitive damages at law and other incidental monetary and non-monetary remedies

necessary to make the plaintiff and others similarly situated whole, as well as plaintiff's reasonable attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Additionally, this Court has personal jurisdiction in the State of Alabama for purposes of this lawsuit.

4. Venue is proper in the Northern District of Alabama, Northwestern Division under 28 U.S.C. § 1391 (b). Defendant Walgreen's Health Initiative, Inc. does business in Colbert County, Alabama, at all times relevant to this lawsuit. Defendant Kelly Services, Inc. does business in Lauderdale County, Alabama, at all times relevant to this lawsuit. At all times pertinent to this lawsuit, Plaintiff Jessica H. Fenney was an employee of defendants.

## III. PARTIES

5. Plaintiff Feeney is a former Customer Services Representative employed by Defendant Walgreen's Health Initiative, Inc. in Colbert County, Alabama, and by Defendant Kelly Services, Inc. in Lauderdale County, Alabama. She is a resident of Lauderdale County, Alabama, and a citizen of the United States of America.

6. Defendant Walgreen Health Initiative, Inc. is a corporation conducting business in the State of Alabama.

7. Defendant Kelly Services, Inc. is a corporation conducting business in the State of Alabama.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff restates and realleges paragraphs 1-7 as though set forth here in full.

9. At all times material to this action, Plaintiff Feeney was employed as a Customer Service Representative by Defendants Walgreen Health Initiative, Inc. and Kelly Services, Inc. as joint employers during her tenure as a temporary employee and was employed by Defendant Walgreen Health Initiative, Inc. as a Customer Service Representative as a permanent employee.

10. This action is brought to recover unpaid compensation, in the form of overtime compensation as well as compensation for time worked during the regular 40-hour work which was worked "off the clock," which are owed to plaintiff and all employees and former employees of Defendants who are similarly situated, pursuant to the FLSA. For at least three years prior to filing this complaint, Defendants have had a uniform policy and practice of consistently requiring their Customer Services Representatives to work "off the clock" and have denied them overtime compensation for hours worked in excess of 40 hours per week.

11. Plaintiff was employed by the Defendants in the position of Customer Service Representative. In that position, Plaintiff was required to work "off the clock" at various times during the work day, including in the morning before she "clocked in", during her morning and afternoon break and during her lunch break. Customer Service Representatives, including Plaintiff, are required to load computer programs unto their computers before the start of their shifts in the morning so that they are prepared to take calls from customers when their shift time begins. In order to be ready and on time for the start of their shifts, Customer Service Representatives must arrive at their work stations approximately 25 to 30 minutes early so that the programs will be loaded into their computers and operational by the start of their shifts. Among the programs Customer Service Representatives are required to load into their computers before their shift begins include Kronos (the "time card" that records their time worked); Avaya (the program that allows the calls to come

through to their computers); Promisenet (the customer data base); Notepad (for taking notes during the customer calls); Calculator (for answering questions about quantities of orders, etc.); Walgreen's Wikipedia (for researching addresses and phone numbers of Walgreen's pharmacies); Datapoint (the database of insurance companies and their provisions); PBS (the backup database for Datapoint); Wagyes (the database of Walgreen's products and which stores have them); ESP (employees' schedules and other information).

12. When returning from their morning and afternoon breaks and from their lunch break, Customer Service Representatives, including Plaintiff, are required to re-load into their computers any of the programs that have "timed out" during their breaks. The requirement that Customer Service Representatives have their computer programs re-loaded into their computers after their breaks requires them to work "off the clock" because they are required to be able to take customer calls immediately when their breaks end, and therefore, Customer Service Representatives return from their breaks early to get their computer programs ready so that they can take calls when their breaks end.

13. Both Kronos and Avaya are used to determine Customer Service Representatives' time worked. Kronos is used to record Customer Service Representatives' time, but Avaya is used to discipline Customer Service Representatives if they are not prepared to take customer phone calls at the start of their morning shifts and after their morning, afternoon and lunch breaks. Customer Service Representatives, including Plaintiff, are charged for being late if they are not ready to answer incoming customer calls at the start of their shifts and after their morning, afternoon and lunch breaks.

14. Additionally, Customer Service Representatives, including Plaintiff, are not paid for

4

the first seven minutes after the end of their shifts. If Customer Service Representatives, including Plaintiff, work after their shift ends, their overtime pay, if any, does not begin until the 8th minute after their shift-ending time. Similarly, Customer Service Representatives, including the Plaintiff, are only paid for the 7 minutes preceding the start of a shift even if they work more than 7 minutes preceding the start of their shifts.

15. Furthermore, if a Customer Service Representative, including Plaintiff, must call a customer back to answer a question, "call backs" must be done on the Customer Service Representatives' own time, including before the shift begins in the morning, on the morning, afternoon or lunch break, or after the shift ends in the afternoon.

16. Customer Service Representatives, including Plaintiff, are scheduled to work 40 hours per week, but because Defendants require Customer Service Representatives, including Plaintiff, to work "off the clock", Customer Service Representatives work approximately 30 to 45 minutes each day without compensation. If Customer Service Representatives, including Plaintiff, had been compensated for the 30 to 45 minutes each day that they worked beyond their regularly scheduled 40 hours per week, they would have worked those additional times as overtime.

17. Plaintiff and all similarly situated Customer Service Representatives were not, and are not, paid regular compensation and/or overtime compensation for the time they work. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid regular time and/or overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

18. At all times material to this action, Defendants were and are enterprises engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

19. At all times relevant to this action, Defendants were the "employers" of Plaintiff as defined by § 203(d) of the FLSA. Defendant Walgreen Health Initiative, Inc. and Defendant Kelly Services, Inc. functioned as joint employers during the time Plaintiff, and other similarly situated Customer Service Representatives, were employed on a temporary basis as Customer Service Representatives before being hired on a full-time basis as Customer Service Representatives by Walgreen Health Initiative, Inc.

20. At all times material to this action, Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

21. The provisions set forth in §§ 206 and 207, respectively, of the FLSA apply to Defendants and all similarly situated Customer Service Representatives who are or were covered by §§ 206 and 207 of the FLSA during their employment by Defendants.

22. At all times relevant to this action, Defendants employed Plaintiff in the capacity of Customer Service Representative from December of 2007 until December of 2009.

23. Plaintiff and all similarly situated Customer Service Representatives were required to work without compensation, including regular and overtime compensation.

24. Defendants have intentionally failed and/or refused to pay Plaintiff and other Customer Service Representatives compensation according to the provisions of the FLSA.

25. Defendants' systems and practices relating to its non-payment of both regular and overtime compensation to Customer Service Representatives have existed for at least three years through Defendants' businesses.

26. As a result of Defendants' violation of the FLSA, Plaintiff, as well as all other

similarly situated employees, have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

27.     Defendants have intentionally and repeatedly misrepresented the true time worked by their Customer Service Representatives as well as their entitlement to both regular and overtime compensation for the time that they worked "off the clock" in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them.  Plaintiff, as well as all similarly situated present and former employees, relied upon these misrepresentations by Defendants and were unable to determine their true wages under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

28.     As a result of the actions of Defendants in fraudulently concealing the true time worked by their employees under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. § 255(a) is tolled for as long as Defendants engaged or engage in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years.  Defendants are estopped from raising such statute of limitations as a bar.

29.     There are numerous similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records.  Specifically, all Customer Service Representatives and former Customer Service Representatives of Defendants who have been employed with Defendants and have not been properly compensated, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

30. Defendants further have engaged in a wide-spread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and all similarly situated employees and former employees in accordance with § 207 of the FLSA.

31. As a result of Defendants' violations of the FLSA, Plaintiff, as well as all other similarly situated employees, have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

32. In addition to the amount of unpaid wages and benefits owed to the Plaintiff and all similarly situated employees, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and prejudgment interest.

33. Defendants' actions in failing to compensate Plaintiff, as well as all other similarly situated employees and former employees, in violation of the FLSA, are willful.

34. Defendants have not made a good faith effort to comply with the FLSA.

35. Plaintiff, and all others similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

36. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this lawsuit for lost overtime and wages, back-pay, declaratory judgment, injunctive relief, liquidated damages, and compensatory and punitive damages is her only means of securing adequate relief.

37. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

## VI. **PRAYER FOR RELIEF**

38. Wherefore, Plaintiff, individually and on behalf of all other similarly situated persons,

pursuant to § 216(b) of the FLSA, and to the remedies at common law for the tort of outrage, prays for the following relief:

    a.    At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all Defendants' employees in all locations during the three years immediately preceding the filing of this suit and to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of this action, and of their right to opt into this lawsuit if they worked overtime but were not paid compensation and benefits pursuant to 29 U.S.C. § 216(b).

    b.    Plaintiff, and all other potential plaintiffs, be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

    c.    Plaintiff's and all other potential plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action;

    d.    Such other legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled, including compensatory and punitive damages.

    e.    Enter an Order requiring Defendants to make Plaintiff Feeney whole by awarding her reinstatement, front pay, lost wages (plus interest), liquidated, compensatory and punitive damages, loss of benefits including retirement, pension, seniority and other benefits of employment; and,

    f.    Plaintiff further demands a jury to try the issues which joined.

## JURY DEMAND

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.


Respectfully submitted, this the 5th day of April, 2010,

*Susan Donahue* (signature)

Robert L. Wiggins, Jr.
Greg Wiggins
Susan Donahue
*Attorneys for the Plaintiffs*


OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500
Fax: (205) 254-1500


CO-COUNSEL:
Michael L. Weathers
Attorney-at-Law
114 W. Dr. Hicks Blvd.
Florence, Alabama 35630-6164
Phone: (256) 764-1318
Fax: (256) 764-1319


### Defendants' Addresses:

(1)   **Walgreens Health Initiatives, Inc.
200 Wilmot Road
Deerfield, IL 60015**

   **Registered Agent:**

        CSC Lawyers Incorporating Services, Inc.
        150 S. Perry Street
        Montgomery, AL 36104

(2)     Kelly Services, Inc.
        Free Press Building
        Detroit, Michigan

        Registered Agent:
        The Corporation Company
        2000 Interstate Park Drive, Suite 204
        Montgomery, AL 36109

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| JESSICA H. FEENEY, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. JURY DEMAND |
| WALGREEN HEALTH INITIATIVES, INC. and KELLY SERVICES, INC., ) ) ) | |
| Defendants. ) | |

## CONSENT TO BECOME PARTY PLAINTIFF

Comes now **Jessica H. Feeney** pursuant to 29 U.S.C. § 216(b) and files this consent to become a party plaintiff in the above-referenced lawsuit.

I hereby specifically authorize the named plaintiff, along with counsel of record for the named plaintiff, as my agents to prosecute this lawsuit on my behalf, to make any and all decisions with respect to the conduct of this litigation, and to negotiate and/or settle any and all overtime compensation claim(s) that I have in this lawsuit against Walgreen Health Initiatives, Inc. and Kelly Services, Inc., defendants in this lawsuit.

JESSICA FEENEY
Name (printed)

*[signature]*
Signature

4/05/2010
Date

1042 N PINE ST.
Address

FLORENCE
City

ALABAMA                    Zip 35630
State

256·443·1269
Telephone Number


Dates of Employment as Customer Service Representative:

DEC-2-07 - START
DEC-29·10 - FIRED


Last location of employment as Customer Service Representative:

WALGREENS CUSTOMER CARE CALL CENTER.
MUSCLE SHOALS