FILED
 2011 Nov-22 PM 01:52
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **JESSICA FEENEY, on behalf of herself and all others similarly situated,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | **Civil Action No. CV-10-S-0844-NW** |
| **WALGREENS HEALTH INITIATIVES, INC.,** ) ) ) ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on plaintiff's renewed motion to conditionally certify a collective action class and facilitate notice to putative class members.[1] Plaintiff, Jessica H. Feeney, seeks to recover from her former employer, defendant Walgreen Health Initiatives, Inc. ("WHI"), unpaid wages, overtime compensation, and liquidated damages on behalf of herself and others similarly situated under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiff previously was employed by WHI as a Customer Care Representative ("Representative") at a WHI call center located in Muscle Shoals, Alabama.[2] WHI also operates call centers in Orlando, Florida, and the Commonwealth of Puerto Rico,

---

[1] Doc. no. 58-1 (Renewed Motion to Facilitate Notice).

[2] Doc. no. 1 (Complaint) ¶ 5; doc. no. 8 (Answer of WHI) ¶ 5.

an unincorporated territory of the United States.[3] Plaintiff alleges that WHI violated the FLSA by not compensating her and other similarly situated Representatives for all hours worked.[4] Specifically, plaintiff alleges that WHI rounded down the hours Representatives worked, and required Representatives to work without pay when loading computer programs before their shifts began.[5] Plaintiff seeks conditional certification of a class of "all Customer Service Representatives currently or previously employed with [WHI] within three years of the filing of the Complaint."[6]

## I. LEGAL STANDARD

A "class action" — *i.e.*, a lawsuit in which only one person, or a small group of people, represents the collective interests of a larger group — generally is conducted in accordance with the requirements of Federal Rule of Civil Procedure 23. In contrast, collective actions under the FLSA

> may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.*

---

[3] Doc. no. 56, Ex. D (Deposition of Bernard Groft) 14; doc. no. 56, Ex. E (Depositon of Ron Walker) 7-8, 12.

[4] Complaint ¶¶ 10-17, 26, 30-31.

[5] *Id.*

[6] Renewed Motion to Facilitate Notice 1.

29 U.S.C. § 216(b) (emphasis supplied); *see also Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991) ("The 'opt-in' provisions of section [216(b)] of the Act convey upon a named plaintiff employee . . . the right to try to seek damages . . . on behalf of himself or herself, and also on behalf of other employees 'similarly situated.'"). In other words, only those persons who file a written consent to become a party to the action ("opt-in") become members of the plaintiff class. *See, e.g., De Leon-Granados v. Eller and Sons Trees, Inc.*, 497 F.3d 1214, 1219 (11th Cir. 2007); 29 C.F.R. § 792.20.[7]

The FLSA's opt-in requirement is not congruous with the class action procedures set forth in Federal Rule of Civil Procedure 23. Once a class is certified according to Rule 23, all class members are bound by the court's decision unless they affirmatively "opt out." Because of this fundamental difference, courts have found the requirements of Rule 23 and 29 U.S.C. § 216(b) to be "irreconcilable."

---

[7] 29 C.F.R. § 792.20 provides that:

Section 16(b) of the Fair Labor Standards Act, as amended by section 5 of the Portal Act, no longer permits an employee or employees to designate an agent or representative (other than a member of the affected group) to maintain, an action for and in behalf of all employees similarly situated. Collective actions brought by an employee or employees (a real party in interest) for and in behalf of himself or themselves and other employees similarly situated may still be brought in accordance with the provisions of section 16(b). With respect to these actions, the amendment provides that no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).[8]  *See also*, *e.g.*, *Garner v. G.D. Searle Pharmaceuticals & Company*, 802 F. Supp. 418, 421 (M.D. Ala. 1991).

The Eleventh Circuit has endorsed, but not required, a two-stage process for the certification of collective actions.  *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007); *see also Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1232-34 (S.D. Ala. 2008); *Brooks v. BellSouth Telecommunications, Inc.*, 164 F.R.D. 561, 565 (N.D. Ala. 1995).  In the first stage, the "conditional certification" or "notice" stage, the plaintiff moves for conditional certification and the issuance of notice to potential class members.  If the court conditionally certifies that the action may proceed as a collective action, putative class members are given an opportunity to "opt-in," and the court may, at its discretion, order that notice be given to prospective plaintiffs of their right to opt-in.  *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001); *Dybach*, 942 F.2d at 1567.

In the second stage, the defendant may move to decertify the collective action. The court then makes a factual determination as to whether the claimants are "similarly situated."  *See*, *e.g.*, *Brooks*, 164 F.R.D. at 566.  If the court finds they are,

---

[8] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the action proceeds to trial as a collective action. *Id.* If not, the court "decertifies" the "class," and the "opt in" plaintiffs are either dismissed from the action without prejudice, or the case is severed into separate lawsuits. *Id.*

At the first stage, to have a collective action conditionally certified, the plaintiff must show that: (1) there are other persons who desire to opt-in to the plaintiff class, and (2) plaintiff and the potential class members are similarly situated. *Anderson*, 488 F.3d at 953; *Dybach*, 942 F.2d at 1567-68 ("[T]he district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' . . . ."). There is no precise line separating those "similarly situated" from those not so; instead, the determination is a claim driven inquiry. However, three principles guide a court in deciding whether employees are similarly situated. *See Longcrier*, 595 F. Supp. 2d at 1242. First, the potential class members do not have to hold identical employment positions, but the similarities between their positions must extend beyond the mere facts of job duties and pay provisions. *See Anderson*, 488 F.3d at 953.

Second, the plaintiff must make only a minimal factual showing of substantial similarity. *See id.*; *Longcrier*, 595 F. Supp. 2d at 1242. This minimal factual showing may be satisfied "by making substantial allegations of class-wide [FLSA violations], that is, detailed allegations supported by affidavits which successfully

5

engage [defendant's] affidavits to the contrary." *Hipp*, 252 F.3d at 1219 (citations omitted). Conclusory allegations are insufficient to meet the standard of a minimal factual showing. *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983).

Third, district courts have substantial discretion in making a determination of substantial similarity. *See Anderson*, 488 F.3d at 951 ("We review the district court's decision to decertify the collective action for an abuse of discretion."); *Hipp*, 252 F.3d at 1219 (the initial class certification decision "remains soundly within the discretion of the district court").

Concurrent with conditionally certifying a class, a district court has the discretion to order that notice be given to all potential class members of their right to opt-in, so long as the plaintiff has satisfied the "similarly situated" threshold. *See Dybach*, 942 F.2d at 1567 ("[T]he district court is deemed to have the power to give such notice to other potential members of the plaintiff class to 'opt-in' if they so desire."); *Longcrier*, 595 F. Supp.2d at 1242; *Saxton v. Title Max of Alabama, Inc.*, 431 F. Supp.2d 1185, 1186 (N.D. Ala. 2006).

## II. DISCUSSION

**A.     Conditional Certification**

**1.     Persons who desire to opt-in**

Plaintiff has shown that there are other persons who desire to opt-in:  even

without notice to other members of the putative class, thirteen persons have already filed consents to opt-in.[9]

### 2. **Similarly situated**

#### a. **Muscle Shoals, Alabama Representatives**

Plaintiff satisfies the requirement of substantial allegations of class wide violations for the Representatives who work (or worked) in WHI's Muscle Shoals call center. Plaintiff makes detailed allegations supported by declarations that contradict defendant's evidence. Plaintiff's detailed allegations are that all Representatives at the Muscle Shoals call center were subjected to two company policies requiring them to work without pay in violation of the FLSA: one policy requiring them, prior to clocking in, to load computer programs needed to perform their jobs; and a second policy of rounding the number of hours worked by Representatives down to the end of their regular shift, if the employee clocked out within seven minutes after the end of his or her shift.[10] Plaintiff provides the declarations of ten current or former

---

[9] *See* doc. no. 14 (Consent of Tina M. Bryan); doc. no. 17 (Consent of Ashley Thirkill); doc. no. 32 (Consent of Jenny Lynn Johnson); doc. no. 35 (Consent of Charmarnique Brown); doc. no. 39 (Consent of Rhonda Nashae Lindsey); doc. no. 41 (Consent of Kitarya A. Love); doc. no. 43 (Consent of Roshonda Thompson); doc. no. 45 (Consent of Amber Campbell McFall); doc. no. 49 (Consent of Jessica N. Trousdale); doc. no. 51 (Consent of Ivy Renee Pride); doc. no. 54 (Consent of Kayla Smith); doc. no. 55 (Consent of Teresa Carmack); doc. no. 67 (Consent of Kenneth L. Brown). Twelve of the thirteen consents were filed before plaintiff's present motion to conditionally certify a collective action class was filed. *See* Renewed Motion to Facilitate Notice (filed January 27, 2011); Consent of Kenneth L. Brown (filed June 24, 2011).

[10] Complaint ¶¶ 11-13, 14; Feeney Declaration ¶¶ 4-5, 10-13, 14.

Representatives at the Muscle Shoals call center, all of whom state that they were subjected to the alleged common policies.[11]

Plaintiff also demonstrated that all of the Representatives at the Muscle Shoals call center held similar employment positions. While WHI divides employees among three different levels of Representatives at its Muscle Shoals, Alabama call center — *i.e.*, CCR I, CCR II, or CCR III, — all Representatives perform the same job duties, regardless of level: *i.e.*, they answer telephone calls from customers.[12] Furthermore, all Representatives at the center report to a group supervisor;[13] all are evaluated using the same criteria;[14] all are subjected to the same policies regarding discipline, attendance, and vacation;[15] and all are subject to the same timekeeping procedures.[16]

---

[11] Doc. no. 56, Ex. A (Declaration of Jessica H. Feeney); *id.* at Ex. B (Declaration of Tina Bryan); *id.* at Ex. C (Declaration of Ashley Thirkill); *id.* at Ex. F (Declaration of Amber Campbell-McFall); *id.* at Ex. G (Declaration of Jenny Lynn Johnson); *id.* at Ex. H (Declaration of Rhonda Lindsey); *id.* at Ex. I (Declaration of Kayla Smith); *id.* at Ex. J (Declaration of Roshonda Thompson); doc. no. 60, Ex. M (Declaration of Jessica Trousdale); *id.* at Ex. N (Declaration of Teresa Carmack).

[12] Groft Depo. 24 ("So [the Representatives] might not have the exact same responsibilities in terms of the actual service line of business that they are supporting, but their job is still the same, they are answering phone calls and their jobs are all answering phone calls and doing essentially the same.").

[13] *Id.* at 13-14.

[14] *Id.* at 43-47.

[15] *Id.* at 26.

[16] It is undisputed that until an unknown date during the spring or summer of 2008, all Representatives at the Muscle Shoals center kept time using a timecard clock through which they swiped a timecard. *Id.* at 31-32; Feeney Declaration ¶ 10-11. The Muscle Shoals call center then upgraded to a computer timekeeping system, eKronos, which each Representative logged into at their workstation computer in order to begin their paid time period. Groft Depo. 26-27; Feeney

The only differences among the three levels of Representatives employed at the Muscle Shoals call center are the rates of pay, the lines of business handled, and the training required for a particular line of business or Representative level.[17]  With respect to the common policies alleged by plaintiff, any differences between Representatives employed at the Muscle Shoals call center do not change the applicability of, or affect, the alleged common policies among the Representatives because they allegedly apply equally regardless of level or line of business.

In summary, a collective action class of current and former Representatives employed at the Muscle Shoals center is due to be *conditionally* certified because plaintiff has satisfied the two elements required for certification of a collective action class by showing that the Muscle Shoals Representatives desire to opt-in and are similarly situated.

### b.     Orlando, Florida and Puerto Rican Representatives

On the other hand, plaintiff fails to show that she is similarly situated to the Orlando, Florida or Puerto Rican Representatives, because plaintiff fails to make a substantial allegation that those other call center employees were subjected to the

---

Declaration ¶ 11.

[17] *See* Groft Depo.13 (describing the levels of compensation commensurate with each Representative level); *id.* at 24, 59-62 (describing how Representatives may be assigned to handle different lines of business, and how, regardless of the line of business a Representative is assigned to, "their job is still the same"); *id.* at 62-63 (describing the different levels of training and skill required for the three different Representative levels).

same policies to which the Muscle Shoals Representatives allege they were subjected. Plaintiff only presents speculative statements by Muscle Shoals Representatives to the effect that: "*To the best of my knowledge*, all call centers had the same requirements for loading and re-loading computer programs 'off the clock.'"[18] There is no indication that any of the persons making such statements have personal knowledge of the policies of the Orlando, Florida or Commonwealth of Puerto Rico call centers. In the absence of such evidence, this court cannot find that plaintiff is similarly situated to any employee, except those presently or formerly employed in WHI's Muscle Shoals call center.

Furthermore, differences between the employment positions of those persons working in Muscle Shoals and those in the Florida and Puerto Rican centers support a finding that they are not similarly situated. The other call centers share a manager, whereas the Muscle Shoals center is run by a different manager.[19] The Puerto Rican Representatives keep track of the time each works manually, unlike the Muscle Shoals or Florida Representatives, who use a computer timekeeping system.[20]

---

[18] Feeney Declaration ¶ 23 (emphasis supplied); *see also* Bryan Declaration ¶ 22 (same); Thirkill Declaration ¶ 22 (same); McFall Declaration ¶ 22 (same); Johnson Declaration ¶ 21 (same); Lindsey Declaration ¶ 21 (same); Smith Declaration ¶ 22 (same); Thompson Declaration ¶ 21 (same); Trousdale Declaration ¶ 21 (same); Carmack Declaration ¶ 21 (same).

[19] Walker Depo. 7-8, 12.

[20] *Id.* at 36-37; Groft Depo. 26-27; Feeney Declaration ¶ 11.

Because plaintiff has failed to show that she is similarly situated to the Representatives employed in Orlando, Florida and the Commonwealth of Puerto Rico, conditional certification is due to be denied as to plaintiff's request to include those Representatives within the collective action.

**B.     Notice**

This court finds that ordering notice is appropriate. To facilitate the provision of notice, defendant is ORDERED to produce to plaintiff's counsel, on or before December 16, 2011, in a mutually agreeable format, a list containing the names and current or last known addresses of all current and former Representatives employed by defendant WHI at the Muscle Shoals call center on any date between April 5, 2007 and the filing of the complaint on April 5, 2010.[21]

The parties are ORDERED to submit a mutually agreeable form of notice for the court's approval on or before January 3, 2012. In the event that the parties are

---

[21] Plaintiff has alleged, and made a preliminary factual showing of, a willful violation. *See* Complaint ¶ 33; Feeney Declaration ¶ 4-16. The FLSA provides a three year statute of limitations for willful violations. *See* 29 U.S.C. § 255(a) ("[E]very such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."). However, while the three-year limitations period applies for the purpose of certifying and defining the class, plaintiff will bear the burden at trial to prove that defendant's violations were willful so that the three-year limitations period applies, rather than the standard two-year limitations period provided by the FLSA for non-willful violations. *See Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008) ("For the willfulness issue on which the statute of limitations turns, the burden is on the employee . . . ."); 29 U.S.C. § 255(a) (providing a two-year statute of limitations for non-willful violations of the FLSA).

unable to agree, the parties are to submit separate notice proposals on or before January 10, 2012, and such separate notice proposals shall explain and justify the parties' differences. The parties would be wise to follow the instructions provided by Judge Steele of the Southern District of Alabama in *Longcrier v. HL-A Co. Inc.*, 595 F. Supp. 2d 1218 (S.D. Ala. 2008); that is:

> In collaborating on the joint notice, the parties are instructed to bear in mind the Supreme Court's guidance that "[i]n exercising the discretionary authority to oversee the notice giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 174, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). The parties are further reminded that there are legion authorities containing potentially helpful analysis concerning the proper contours, format and wording of notice in the § 216(b) context. *See, e.g.*, [*Russell v. Illinois Bell Telephone Co.*, 575 F. Supp. 2d 930, 938-39 (N.D. Ill. 2008); *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 338 (W.D.N.Y. 2008); *Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 84-85 (E.D.N.Y. 2008); *Gerlach v. Wells Fargo & Co.*, No. C 05-0585 CW, 2006 WL 824652, at *4 (N.D. Cal. 2006); *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1046-47 (N.D. Ill. 2003)]. The parties would be well advised to consult these and other decisions in crafting a jointly acceptable form of notice.

*Longcrier*, 595 F. Supp. 2d at 1243 n.34 (second bracketed alteration added).

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's motion to conditionally certify a collective action class and facilitate notice is GRANTED in part and DENIED in part.

It is ORDERED that a class of all current and former Representatives employed by Walgreens Health Initiatives at its Muscle Shoals call center between April 5, 2007 and April 5, 2010, be, and the same hereby is, *conditionally* certified; and the parties are ORDERED to give notice to potential class members in accordance with the provisions set forth herein above.

DONE and ORDERED this 22nd day of November, 2011.

_____
United States District Judge