FILED
2012 Oct-17 AM 08:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JESSICA FEENEY, on behalf of herself and all others similarly situated,** ) ) ) ) | |
| **Plaintiff,** ) ) ) | **Civil Action No. 3:10-cv-00844-CLS** |
| vs. ) ) | |
| **WALGREENS HEALTH INITIATIVES, INC.,** ) ) ) | |
| **Defendant.** ) | |

## APPROVAL ORDER AND FINAL JUDGMENT

This case is before the court on the parties' joint motion for approval of their proposed settlement agreement and attorneys' fee award.[1]  As discussed more fully below, this court must approve the settlement in order to effectuate a valid, enforceable release of plaintiffs' claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA").  Having reviewed both the record and the proposed settlement agreement, this court will grant the motion.

### I.  LEGAL STANDARDS

The FLSA was enacted to protect workers from substandard wages and

---

[1] Joint Motion for Approval of FLSA Collective Action Settlement and Award of Attorneys' Fees.  Because the motion was filed under seal via this court's electronic mailbox, it does not have a docket number.

oppressive working hours. *See Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 739 (1981). In recognition of the fact that there often are great disparities between the bargaining power of employers and employees, Congress made the FLSA's provisions mandatory. Generally, therefore, FLSA rights are not subject to bargaining, negotiation, waiver, or modification by contract or settlement agreements between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945); *see also Barrentine.*, 450 U.S. at 740 ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate.") (citations and internal quotation marks omitted).

There are two exceptions to the general rule that back wage claims arising under the FLSA cannot be settled or compromised by employees. The first arises when the Secretary of the United States Department of Labor supervises the payment of unpaid wages owed to employees pursuant to the authority granted by 29 U.S.C. § 216(c). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Employees who accept such payments waive their rights to bring suits to recover unpaid wages and liquidated damages, provided the employer pays the back wages owed in full. As the Eleventh Circuit observed in *Lynn's Food Stores*, the "waiver provision found in section 216(c) was intended to create an incentive for

employers to voluntarily accept settlements supervised by the Department of Labor."

*Id*. at 1353 n.6 (citing *Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977)).

> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment *after scrutinizing the settlement for fairness*.

*Id*. (emphasis supplied) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947)) (footnotes omitted). The Eleventh Circuit observed that settlements are permissible in this context because

> initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354 (alteration supplied).

## II.  FACTUAL BACKGROUND

Plaintiff, Jessica Feeney, on behalf of herself and those who filed consent forms to join in a collective action, alleges that defendant, Walgreens Health Initiatives, Inc. ("Walgreens"), violated the FLSA, by maintaining a policy of requiring its Customer Services Representatives to work "off the clock," and denying them overtime compensation for hours worked in excess of forty hours per week.[2] Individually, Ms. Feeney requested reinstatement; front pay; lost wages, plus interest; lost benefits, including retirement, pension, and seniority; and liquidated, compensatory, and punitive damages.[3] On behalf of the class, Ms. Feeney also requested lost wages; lost benefits; prejudgment interest; attorneys' fees; injunctive and declaratory relief; and liquidated, compensatory, and punitive damages.[4]

The parties have agreed to settle this action.[5] Under the terms of the settlement, plaintiffs agreed to release Walgreens from all known and unknown FLSA claims and parallel state-law claims that arose out of the time plaintiffs worked as defendant's hourly employees at the facility at issue in this action.[6] In return, Walgreens agreed

---

[2] Doc. no. 1 (Complaint filed April 5, 2010) ¶ 10.

[3] *Id.* ¶ 38.

[4] *Id.*

[5] Memorandum in Support of Joint Motion for Approval of FLSA Collective Action Settlement and Award of Attorneys' Fees, Exhibit 1 (Confidential Settlement Agreement and Release). Like the motion, the memorandum and its exhibits were filed under seal via this court's electronic mailbox, and do not have docket numbers.

[6] *Id.* ¶ 5.1.

to pay plaintiffs a total of $100,000 in accordance with a chart showing the suggested distribution of settlement proceeds, which considers each plaintiff's length of employment, hourly rate of pay, overtime premiums, and liquidated damages.[7] Further, Walgreens agreed to pay an additional $140,000 for plaintiffs' attorneys' fees and costs.[8] Finally, the parties elected to be bound by a confidentiality and non-disparagement agreement.[9]

### III. JUDGMENT

Upon consideration of the record, the joint motion, and the parties' settlement agreement, the court is satisfied that it is a fair and reasonable resolution of plaintiffs' claims. Accordingly, the parties' joint motion for approval of their proposed settlement agreement and attorneys' fee award is GRANTED, the settlement is APPROVED, and all claims asserted by plaintiffs are hereby DISMISSED WITH PREJUDICE. Costs are taxed as paid. The Clerk is directed to close this file.

DONE and ORDERED this 17th day of October, 2012.

/s/ Lynwood Smith
United States District Judge

---

[7] *Id.* ¶ 4.1, and Exhibit B (Suggested Distribution of Settlement Proceeds).
[8] *Id.* ¶ 4.2.
[9] *Id.* ¶ 3.1.